UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAMERON MAYFIELD,       )<br>                                              )<br>             Plaintiff,           )<br>                                              )<br>        v.                            )     No. 2:19-cv-00335-JRS-DLP<br>                                              )<br>DAVID WIRE, et al.            )<br>                                              )<br>             Defendants.       ) | |

**Order Granting in Part and Denying in Part Partial Motion to Dismiss**

Plaintiff Cameron Mayfield, an inmate of the Indiana Department of Correction (IDOC) at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated in the course of disciplinary proceedings at that facility. In the Order of October 11, 2020, the Court allowed Mayfield's due process claims and state law claims for malicious prosecution, false imprisonment, intentional infliction of emotional distress and libel to proceed. Dkt. 9. The defendants seek dismissal of the state law claims. For the following reasons, the motion to dismiss is granted in part.

**I. Motion to Dismiss Standard**

When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the complaint and draws all possible inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A

complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, mere allegations do not suffice, as the complaint "must contain a reasonable factual basis supporting the allegations." *Id*; *see also Hall v. Lunsford*, Case No. 1:17-cv-02945, 2019 WL 1077600 at *8-9 (S.D. Ind. March 9, 2019) (noting that the Federal Rules of Civil Procedure govern pleading standards in federal court, but noting no material difference between the pleading standard required by Ind. Code § 34-13-3-5(c) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. Facts

The following facts are taken from Mayfield's complaint and, as the motion to dismiss standard requires, are accepted as true. Mayfield's claims arise from an investigation into an assault on a correctional officer that Mayfield committed. Dkt. 1, ¶ 2.[1] Mayfield contends that defendant Wire "had conduct a bias interview with Mayfield," [sic] and did not fully investigate Mayfield's claims that he was provoked and acted in self-defense. *Id*. ¶ 3. After this interview, Wire wrote a conduct report against Mayfield, on evidence Mayfield alleges is insufficient, concluding that Mayfield had committed False Reporting. *Id*. ¶ 4. Storm allegedly signed off on the conduct report without conducting an independent investigation. *Id*.

Next, Mayfield contends that Hughitt, the Disciplinary Hearing Officer, denied Mayfield's right to an impartial disciplinary hearing through bias and prejudice toward Mayfield's affirmative defense, and by failing to secure evidence and make it available to Mayfield for use at his hearing. *Id*. ¶ 6. Mayfield was found guilty on evidence he contends was insufficient. *Id.* Hughitt sanctioned

---

[1] The paragraph numbers in Mayfield's complaint restart at Section B Statement of Claims.

Mayfield with 360 days of disciplinary segregation; 45 days of lost J-Pay privileges; recommended loss of 11 days of earned credit time; and recommended reduction in credit class. *Id*.

Mayfield appealed, and Smith, the Warden, denied the appeal. *Id*. ¶ 7. Smith's statement read that "[y]our appeal has been received and reviewed. I find no errors that impede with your defense or right to appeal. The sanction(s) imposed is consistent with the guidance of the disciplinary code of the Adult Disciplinary Procedure." *Id*. Mayfield alleges that Smith denied him a fair opportunity to be heard and that he had, before ruling on the appeal, permanently restricted Mayfield to non-contact visits. *Id*.

Bugher denied the second-level appeal. *Id*. ¶ 8. He stated that "[t]he errors you point out did not impede your defense or Right to Appeal," and Mayfield alleges that Bugher denied him a fair opportunity to be heard. *Id*.

The next year, IDOC vacated the sanctions against Mayfield and ordered a rehearing of the conduct conviction. *Id*. ¶ 9. New disciplinary proceedings began, involving two unnamed officers who have been dismissed from this litigation. *Id*. ¶¶ 10-11; dkt 9, p. 2. Mayfield again alleged that these officers were biased against him. Dkt. 1, ¶¶ 10-11. He claims that he was convicted on the basis of the same conduct report that Wire had originally written and subjected to the same penalty as before. *Id*. ¶ 11. On appeal of this finding, Warden Richard Brown granted Mayfield relief in part. *Id*. ¶ 12. Wire's conduct report was amended, and the charge reduced from "False Reporting" to "Lying to Staff," with a reduction in sanction. *Id*. Warden Brown denied the first-level appeal of this determination. *Id*. Bugher then denied Mayfield's second-level appeal, stating:

> [y]our appeal on the disciplinary action taken against you in the above-cited case has been received. The sanctions imposed in this case do not constitute a grievous loss. The final reviewing authority on case [sic] involving non-grievous loss sanctions is the institution/facility head. Therefore, no action will be taken on your appeal at this level.

3

*Id*. ¶ 13. Mayfield claims that this deprived him of a fair opportunity to be heard. *Id.* The Court screened Mayfield's Complaint, and he was allowed to proceed with due process claims, as well as state law claims of malicious prosecution, false imprisonment, intentional infliction of emotional distress, and libel. Dkt. 9.

### III. Discussion

The defendants seek dismissal of the claims against them brought under Indiana state law arguing that they are immune from liability for these claims under the Indiana Tort Claims Act (ITCA).

A. *Immunity under the ITCA*

The ITCA provides immunity from suit for state employees for acts taken within the scope of their employment. Ind. Code § 34-13-3-5(b). The purpose of immunity is "to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Celebration Fireworks, Inc. v Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (internal quotation omitted). "[F]or an employee's act to fall 'within the scope of employment,' the injurious act must be incidental to the conduct authorized." *Chang v. Purdue Univ.*, 985 N.E.2d 35, 52 (Ind. Ct. App. 2013). Thus, under the ITCA, to state a claim against an employee personally, a lawsuit must allege that the act or omission was: 1) criminal; 2) clearly outside the scope of employment; 3) malicious; 4) willful and wanton; or 5) calculated to benefit the employee personally. Ind. Code § 34-13-3-5(c). The complaint must contain a reasonable factual basis to support such allegations. *Id.*; *see also Perrey v. Donahue,* 703 F.Supp.2d 839, 857 (N.D. Ind. 2010) ("A plaintiff who sues a government employee 'cannot merely allege wrongdoing in order to defeat the protections afforded under the ITCA but must assert a reasonable factual basis supporting any allegations of

4

the aforementioned acts.'"). But the ITCA does not provide immunity for false imprisonment claims. *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (a claim for false arrest or false imprisonment falls "outside the parameters of the immunity conferred by the ITCA").

### B. *Mayfield's Claims*

The defendants argue that Mayfield's claims are based on acts they took in the scope of their employment and that Mayfield has failed to allege any facts that would allow personal liability against them.

In his complaint, Mayfield alleges that: Wire, an investigator, conducted an interview and wrote a conduct report; Storm, a former IDOC employee, signed off on the conduct report; Hughitt, a disciplinary hearing officer, presided over a disciplinary hearing; Smith, the Warden, denied an appeal of the hearing decision; and Bugher, an attorney for IDOC, denied the second level appeal. Dkt. 1. Each of these acts was taken in furtherance of IDOC's internal disciplinary system. Therefore, each defendant was acting in the scope of his or her employment.

In addition, Mayfield has not alleged sufficient facts to allow a conclusion that the defendants' actions were 1) criminal; 2) clearly outside the scope of employment; 3) malicious; 4) willful and wanton; or 5) calculated to benefit the employee personally. Ind. Code § 34-13-3-5(c).

First, Mayfield does not assert any facts that would support such a conclusion regarding Storm's, Smith's, or Bugher's actions. He alleges simply that these defendants "signed off" on the disciplinary action or denied his appeals. Dkt. 1 ¶ 4 (Storm signed off on the conduct report); ¶¶ 7- 8 (Smith and Bugher denied his appeals). These defendants are therefore entitled to immunity under the ITCA.

Next, the defendants argue that to the extent Mayfield's allegations regarding Wire's "bias interview" and Hughitt's "bias and prejudice" toward his affirmative defense at the disciplinary hearing could be construed as falling under one of the five exceptions to immunity set out by Ind. Code § 34-13-3-5(c), Mayfield fails to state a reasonable factual basis to support such allegations. In his complaint, Mayfield alleged that Wire conducted a biased interview and did not investigate Mayfield's claim that he was provoked into committing the April 28, 2018, assault. Dkt. 1 ¶ 3. The defendants argue that this allegation concerns only the investigation into the assault, and not the conduct report for false reporting during the interview and conclude that it is immaterial to this suit. But Mayfield also contends that Wire wrote the conduct report against him for False Reporting because of his failure to investigate. So, these allegations are related to his claims against Wire. At any rate, Mayfield asserts that the interview was biased, but he does not explain in what way it was biased. At most, then, Mayfield contends that Wire conducted a shoddy interview. This is not enough to show that one of the exceptions to the ITCA should apply to Mayfield's claims against Wire.

Next, Mayfield alleges that defendant Hughitt, the Disciplinary Hearing Officer, was biased and prejudiced toward his affirmative defense, but he again fails to allege why or how. Dkt. 1 ¶ 6. Like Mayfield's allegations against Wire, the allegations that Hughitt failed to conduct an adequate disciplinary hearing are insufficient to form a factual basis that Hughitt's actions are not entitled to immunity under the ITCA.

Because Mayfield has failed to provide a reasonable factual basis to support a conclusion that any of the defendants' actions were criminal; clearly outside the scope of their employment; malicious; willful and wanton; or calculated to benefit the employee personally, the defendants are entitled to immunity on Mayfield's claims of malicious prosecution, intentional infliction of

6

emotional distress, and libel. *See* Ind. Code § 34-13-3-5(c). Because the ITCA does not provide immunity for false imprisonment claims, the defendants are not entitled to qualified immunity for his false imprisonment claims. *Miller*, 777 N.E.2d at 1104.

## IV. Conclusion

For the foregoing reasons, the defendants' partial motion to dismiss, dkt. [27], is **granted in part and denied in part**. The motion is granted to the extent that the Indiana state law claims of malicious prosecution, intentional infliction of emotional distress, and libel are dismissed. It is denied to the extent that the state law false imprisonment claim remains. No partial final judgment shall issue as to the claims resolved in this Order.

**IT IS SO ORDERED.**

Date: 5/12/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CAMERON MAYFIELD
178522
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel