UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAMERON MAYFIELD,            ) | |
| )                            | |
| Plaintiff,   ) | |
| )                            | |
| v.                           ) | No. 2:19-cv-00335-JRS-MG |
| )                            | |
| DAVID WIRE, et al.           ) | |
| )                            | |
| Defendants.  ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Cameron Mayfield filed this lawsuit when he was an inmate of the Indiana Department of Correction ("IDOC") at Wabash Valley Correctional Facility ("WVCF"). He alleges that his rights were violated during disciplinary proceedings at that facility. Specifically, Mr. Mayfield claims that his federal due process rights were violated and that he was subjected to false imprisonment in violation of Indiana law.[1] The defendants move for summary judgment on Mr. Mayfield's claims. For the following reasons, the motion for summary judgment is **GRANTED** as to Mr. Mayfield's due process claim and Mr. Mayfield's state law claim is dismissed without prejudice.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] Mr. Mayfield's other state law claims were previously dismissed. Dkt. 48.

317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

## II. Facts

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Id*.

In April of 2016, defendant David Wire investigated an assault Mr. Mayfield committed on a correctional officer and concluded that Mr. Mayfield "committed the act of False Reporting of the commission of a crime to a sworn police officer in retaliation against correctional staff." Dkt. 112-1 at 5-6. On May 12, 2016, defendant D. Hughett conducted the disciplinary hearing and Mr. Mayfield was found guilty of offense 100, violation of law and sanctioned with 365 days in disciplinary segregation, among other things. Dkt. 112-2 *Id.* at 2. Mr. Mayfield appealed, and defendant Warden Smith denied the appeal. *Id.* at 1.

Mr. Mayfield later received a rehearing and was found guilty of offense 100. Dkt. 112-1 at 2. His appeal of that finding was granted in part and denied in part and the underlying offense was amended from 100 to C-350 and the sanctions were amended to non-grievous sanctions. Dkt. 1 at 10-11. Mr. Mayfield's appeal of that decision was denied. Dkt. 1 at 10, 11.

Mr. Mayfield spent a total of 105 days in disciplinary segregation. Dkt. 1 at 13.

### III. Discussion

The defendants seek summary judgment on several grounds, which can be summarized as follows: (1) Mr. Mayfield cannot bring a civil rights lawsuit under 42 U.S.C. § 1983 because success in this lawsuit would necessarily imply the invalidity of the disciplinary conviction; (2) any due process violation was cured by the rehearing, which provided him adequate due process; (3) Mr. Mayfield did not have a liberty interest in being free from a short period of disciplinary segregation; and (4) Mr. Mayfield was not falsely imprisoned. Mr. Mayfield's due process claim can be resolved on the ground that he did not have a liberty interest in avoiding 105 days in disciplinary segregation and the Court need not address the defendants' other grounds. Further, because Mr. Mayfield's federal claim has been resolved, the Court declines to exercise supplemental jurisdiction over his state law false imprisonment claim.

**A. Due Process**

The Due Process Clause applies only to deprivations of life, liberty, and property. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). Generally, "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley* 405 F.3d 602, 609 (7th Cir. 2005)). A protected liberty interest "is triggered only when the confinement imposes 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir 2019) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "When considering whether disciplinary segregation imposes atypical and significant hardships, [the Court looks] to both the duration of the segregation and the conditions endured." *Id.* (citing *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)).

The Seventh Circuit has "found that, depending on the conditions of confinement and whether there were any additional punishments, a period of segregation … shorter than four months may" be an atypical and significant hardship. *Lisle*, 933 F.3d at 721 (citing *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015)). But the court has found that some longer durations in confinement are not. *Id.* (citing *Marion*, 559 F.3d at 698). Mr. Mayfield was in segregation for over three months, but the length of time he was in segregation on its own is not enough to trigger due process. *See Davidson v. Uchtman*, 2006 WL 2349643, at * 2 (S.D. Ill. Aug. 11, 2006) (nine months in disciplinary segregation did not state a due process violation).

To succeed on his claim, Mr. Mayfield must show that the conditions of confinement during those 105 days were atypical and created significant hardship. *See Lisle*, 933 F.3d at 721. "In short, if the disciplinary measures do not 'substantially worsen the conditions of confinement" of an inmate, then he has not been deprived of a protected liberty interest." *Id.* (citing *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011)). There is little evidence in the record regarding the conditions Mr. Mayfield experienced in segregation. *See id.* at 721 ("Lisle needed to show that the conditions of his confinement in his segregated cell deviated substantially from the ordinary conditions of prison life.") (citing cases).

As the plaintiff, it is Mr. Mayfield's burden to show that his due process rights were violated. Accordingly, for purposes of his motion for summary judgment, he must present evidence that shows he is entitled to judgment as a matter of law. *Bunch v. United States*, 880 F.3d 938, 941 (7th Cir. 2018) ("The party that bears the burden of proof for an issue at trial must "cite the facts which it believes [would] satisf[y]" that burden and "demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant . . . ."); *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 662 (7th Cir. 2011) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325–

26, (1986). Because Mr. Mayfield has failed to present evidence that would support a conclusion that the conditions of his confinement in segregation created an atypical and significant hardship, he has not shown that he was deprived of a liberty interest protected by the Due Process Clause and the defendants are entitled to summary judgment on his due process claim.

### B. False Imprisonment Claim

Because the Court has resolved Mr. Mayfield's federal claim, it must determine whether it is appropriate to exercise supplemental jurisdiction over his state-law claim pursuant to 28 U.S.C. § 1367. For the reasons that follow, the Court relinquishes supplemental jurisdiction over this claim and dismisses it without prejudice.

The Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit has made clear that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted). Exceptions to the

general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

The relevant factors weigh in favor of the Court following the "usual practice" in the Seventh Circuit and relinquishing supplemental jurisdiction. *Groce*, 193 F.3d at 501. The Court has not expended significant resources on the remaining state-law claim. To the extent the parties have expended significant resources during discovery, which is not apparent from the record, those efforts can carry over to state court with relative ease. Finally, as always, comity favors allowing state courts to decide issues of state law.

Moreover, none of the exceptions to the usual practice of relinquishing supplemental jurisdiction apply here. The statute of limitations will not have run on Mr. Mayfield's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). Substantial resources have not been expended on these claims, especially any that cannot simply be repurposed in state court. Nor is it absolutely clear how the claims should be decided.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claim.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [111], is **granted**. Mr. Mayfield's due process claim is **dismissed with prejudice** and his state law false imprisonment claim is **dismissed without prejudice**.

Judgment consistent with this order and the orders of May 12, 2020, dkt. [48], and October 11, 2019, dkt. [9], shall now issue.

**IT IS SO ORDERED.**

Date: 1/4/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CAMERON MAYFIELD
135 N Miley
Indianapolis, IN 46222

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov